UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS ANGEL PESQUERA,

        Petitioner,

v.                                          CASE NO. 06-CV-10186
                                            HONORABLE VICTORIA A. ROBERTS

ANDREW JACKSON,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION TO VACATE
AND DENYING A CERTIFICATE OF APPEALABILITY**

        Michigan prisoner Luis Angel Pesquera ("Petitioner") has filed a Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b)(4) seeking relief from judgment concerning the Court's denial of his federal habeas petition in 2007. Petitioner asks that his petition be reinstated and claims that he was denied a fair trial in state court and his convictions are void.

        Petitioner is not entitled to relief from judgment. Under Federal Rule of Civil Procedure 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b).

        A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment or order or the date of the

proceeding. FED. R. CIV. P. 60(c)(1); *Conner v. Attorney General,* 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner did not file his motion to vacate seeking relief from judgment within one year or within a reasonable time given that the Court denied his habeas petition on September 25, 2007 and he dated his current motion on April 28, 2013. Petitioner has failed to provide any explanation for the more than five-year delay in filing his motion. Petitioner's motion is therefore untimely and must be denied.

Moreover, even if the Court considers the merits of Petitioner's motion under Federal Rule of Civil Procedure 60(b)(4), he is not entitled to relief from judgment. The Court did not err in denying habeas relief as Petitioner's habeas claims lacked merit and/or were barred by procedural default. Petitioner's conclusory allegations that his state trial was unfair and that his convictions are void do not warrant the extraordinary remedy of granting relief from judgment. Accordingly, the Court **DENIES** Petitioner's motion.

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)). Having considered the matter, the Court concludes that Petitioner is not entitled to a certificate of appealability because he has failed to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

                                S/Victoria A. Roberts
                                Victoria A. Roberts
                                United States District Judge

Dated: May 7, 2013

3

The undersigned certifies that a copy of this document was served on the attorneys of record and Luis Angel Pesaquera by electronic means or U.S. Mail on May 7, 2013.

S/Carol A. Pinegar
Deputy Clerk